IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TEMPEST ABDULLAH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 120-007 |
| | ) |
| CONTRACT CALLERS, | ) |
| | ) |
| Defendant. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

**I. SCREENING OF THE COMPLAINT**

**A. BACKGROUND**

Plaintiff names Contract Callers, Inc., as the only Defendant. (Doc. no. 1, pp. 1-2.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff received repeated calls from Defendant regarding a debt Plaintiff supposedly owed to T-Mobile for $148.38. (Id. at 6, 15.) Plaintiff spoke with both T-Mobile and Defendant regarding the debt, but neither T-Mobile nor Defendant could provide any information on the debt or Plaintiff's payment history. (Id. at 13-24.) Plaintiff requested Defendant stop calling numerous times, but Defendant ignored Plaintiff's requests and continued to harass her with more calls. (Id.) Additionally, Plaintiff asked Defendant to verify the debt, but Defendant failed to show the relationship and contract between Plaintiff and T-Mobile, to send a written debt validation notice within five days of communication with Plaintiff, to include the amount of the debt, and notify Plaintiff of her right to dispute the debt. (Id.) Plaintiff alleges Defendant violated the Fair Credit Reporting Act ("FCRA") under 15 U.S.C. §§ 1681-1681x, Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §§ 1692-1692p, and Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227.

**B.     DISCUSSION**

   **1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Under the FCRA or TCPA

First, as to the FCRA, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the

information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). The purpose of the of the FRCA is to prevent consumers being damaged by arbitrary information in a credit report. Equifax Inc. v. Federal Trade Commission, 678 F.2d 1047, 1048 (11th Cir. 1982). To establish a prima facie claims under the FCRA, a plaintiff must show "(1) inaccurate information was included in [a credit] report; (2) the inaccuracy was due to [the credit agency's] negligent or willful failure to follow reasonable procedures to assure maximum possible accuracy; (3) [plaintiff] suffered an injury; and (4) [the] injury was caused by the inclusion of the inaccurate entry." Smith v. E-Backgroundchecks.com, Inc., 81 F. Supp. 3d 1342, 1357 (N.D. Ga. 2015) (quoting Neal v. Equifax Info. Servs. LLC, No. 103–CV–0761–WSD, 2005 WL 5249668, at *4 (N.D. Ga. Mar. 4, 2005)).

Here, Plaintiff has failed to establish all elements of a claim under the FCRA. Plaintiff's complaint concerns Defendant's attempts to collect on a debt and not her credit report. Thus, because Plaintiff's complaint is only concerned with the debt collection practices of Defendant and does not mention any credit reports or scores, Plaintiff fails to state a claim under the FCRA.

Second, as to Plaintiff's claims under the TCPA, 47 U.S.C. § 227(b) "makes it illegal to 'make any call ... using any automatic telephone dialing system or an artificial or prerecorded voice' to 'emergency telephone lines,' to 'guest rooms or patient rooms of a hospital,' or 'to any telephone number assigned to a paging service or cellular telephone service' without the 'prior express consent of the called party.'" Glasser v. Hilton Grand Vacations Company, LLC, 948 F.3d 1301, 1305 (11th Cir. 2020) (quoting 47 U.S.C. § 227(b)(1)(A)). Here, Plaintiff's complaint fails to include any allegations of an automatic telephone dialing system or an

artificial or prerecorded voice. Instead, Plaintiff alleges Defendant's personnel called her directly to discuss collection of a debt. Thus, because Plaintiff does not allege Defendant's calls were the product of some automatic dialing system, Plaintiff failed to state a claim under the TCPA.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims under the FCRA and TCPA be **DISMISSED** for failure to state a claim. In a companion Order, the Court allows to proceed Plaintiff's claims against Defendant under the FDCPA.

SO REPORTED and RECOMMENDED this 26th day of February, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA