IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| TEMPEST ABDULLAH, | * | |
| Plaintiff, | * | |
| v. | * | CV 120-007 |
| CONTRACT CALLERS, | * | |
| Defendant. | * | |

**ORDER**

Before the Court is Defendant's unopposed motion to dismiss for failure to state a claim. (Doc. 13.) For the following reasons, Defendant's motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff, proceeding *pro se*, filed the present action alleging harassment under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, for repeated calls from Defendant after requesting them to stop. (Compl., Doc. 1, at 6.) Plaintiff alleged violations under the FDCPA, Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, and Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Pursuant to the Magistrate Judge's Report and Recommendation, this Court dismissed Plaintiff's claims under the FCRA and TCPA for failure to state a claim on April 16, 2020. (Doc. 11.) Defendant then

filed the present motion and memorandum of law in support on May 4, 2020, asking the Court to dismiss the remaining FDCPA claim for failure to state a claim. (Doc 13-1.)[1] Plaintiff did not respond.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[2] Id. (quoting Twombly, 550 U.S. at 570). The plaintiff must plead "factual content that

---

[1] The Court has also issued an Order staying discovery in this action pending final resolution of the present motion. (Doc. 22.)
[2] The Court must accept all well-pleaded facts in the complaint as true and construe all reasonable inferences therefrom in the light most favorable to the plaintiff. Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006).

2

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." Id. A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)).

The Court affords a liberal construction to a document filed *pro se*, and a *pro se* complaint must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Taking the Plaintiff's allegations as true, the Complaint states the following. Between April and June of 2019, Plaintiff received several phone calls from Defendant regarding a debt

3

supposedly owed to T-Mobile in the total of $148.38. (Doc. 1, at 6, 13, 22.) Plaintiff repeatedly asked Defendant to stop calling her and to verify the debt. (Id. at 6.) Defendant failed to verify the relationship and contract and failed to send a written debt validation notice as required by FDCPA § 1692g(a). (Id.) Plaintiff claims the repeated calls amount to harassment pursuant to FDCPA § 1692d. (Id.) Plaintiff seeks to have the "item" removed – presumably from collections or her credit report – as well as compensation for lost time and suffering resulting from the harassment. (Id. at 7.)

### III. DISCUSSION

The statute relevant to Plaintiff's harassment allegation provides that:

> To state a claim under the FDCPA, a plaintiff must establish each of the following elements: (1) that he was the object of "collection activity" arising from "consumer debt"; (2) that the defendant qualifies as a "debt collector" under the FDCPA; and (3) that the defendant engaged in an act or omission prohibited by the FDCPA.

In re Ward, 583 B.R. 558, 570 (S.D. Ga. 2018) (internal citations omitted).

Construing the facts as true and the filing liberally, as required for *pro se* filings, Plaintiff satisfies element (1) by stating she received numerous phone calls with regard to a debt owed to T-Mobile. The Court finds these calls can be classified

as a collection activity and the $148.38 constitutes a debt because it involves payment due under a contract. See Agrelo v. Affinity Mgmt. Servs., LLC, 841 F.3d 944, 950 (11th Cir. 2016) ("As long as the transaction creates an obligation to pay, a debt is created." (quoting Brown v. Budget Rent-A-Car Sys., Inc., 119 F.3d 922, 924 (11th Cir. 1997)).

As to element (2), the term "debt collector" is defined as "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Therefore, to state a plausible claim, Plaintiff's complaint must allege that the defendant is a "debt collector" within the meaning of the statute. See Kurtzman v. Nationstar Mortg. LLC, 709 F. App'x 655, 658-659 (11th Cir. 2017) (requiring Plaintiff to plausibly allege sufficient factual content to enable court to draw reasonable inference that Defendant is debt collector pursuant to FDCPA). Plaintiff provided no facts to establish Contract Callers as a debt collector other than alleging they placed phone calls regarding a debt in some capacity. No facts were asserted for the Court to create an inference that Contract Callers falls within the meaning of "debt collector" under the FDCPA. Even when construed liberally, there are not enough allegations to suggest Contract Callers is in the aforementioned

5

business or regularly collects or attempts to collect debts. See id. at 659 (finding complaint that is silent regarding whether principal purpose of defendant's business is collecting debts omit factual content to infer qualification as debt collector). The Court therefore finds that Plaintiff has not stated a claim under FDCPA § 1692d because element (2) is not satisfied.

Out of an abundance of caution, the Court will also analyze element (3) of the FDCPA. For element (3), Plaintiff needed to provide facts alleging Defendant engaged in an act or activity prohibited by the FDCPA. Plaintiff generally alleges harassment under § 1692d. The statute states the following conduct is a violation of this section:

> (1) [t]he use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person; (2) [t]he use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader; (3) [t]he publication of a list of consumers who allegedly refuse to pay debts . . . ; (4) [t]he advertisement for sale of any debt to coerce payment of the debt; (5) [c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; (6) [e]xcept as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d(1)-(6). The Court finds Subsections (1) through (4) inapplicable here. Based on the facts, the claim falls under either Subsection (5) or (6). Plaintiff alleges Defendant placed repeated calls and ignored her requests to stop but provides no

6

additional facts that would satisfy Subsection (5)'s intent requirement. If Plaintiff instead wanted to classify the claim under Subsection (6), she would still be unsuccessful because no facts allege Contract Callers failed to provide meaningful disclosure of the caller's identity. To the contrary, Plaintiff presumably knew who the caller was based on the identification of Contract Callers in this case, therefore failing to meet the violation requirements under Subsection (6) and failing to sufficiently allege a plausible claim under § 1692d.[3]

Although not explicitly identified by Plaintiff, the Court construes her statement regarding Defendant's failure to verify the debt by written validation within five days of the collector's initial communication as claiming Defendant also violated § 1692g of the FDCPA. This section requires written notice to be sent to the consumer within five days following an initial communication by a debt collector. See 15 U.S.C. § 1692g. The written notice must contain specific information as outlined in § 1692g. The initial communication that triggers the written notice requirement can be satisfied by a phone call. See Ponce v. BCA Fin. Servs., Inc., 467 F. App'x 806, 808 (11th Cir. 2012) (finding phone call as initial communication under 15 U.S.C. § 1692g(a)). By Defendant

---

[3] Defendant raised a statute of limitations issue claiming Plaintiff does not allege when the conduct occurred. (Doc. 13-1.) The Court finds it unnecessary to address this issue as the claims fail for other reasons.

contacting Plaintiff via telephone, this requirement was triggered. Therefore, a written validation of the debt should have been sent within five days of the first call and according to Plaintiff's Complaint, it was not. Defendant failed to satisfy the notice requirement under 15 U.S.C. § 1692g. Despite this failure, since the Court does not find Plaintiff provided sufficient factual allegations to classify Defendant as a debt collector, Defendant cannot be held liable for its failure to send written notification under § 1692g. Therefore, the allegation under § 1692g also fails to establish a plausible claim of relief.

Even construed liberally, and with the allegations accepted as true, Plaintiff has not provided sufficient factual allegations to state a claim under Sections 1692d or 1692g of the FDCPA.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 13) is **GRANTED** and this matter is **DISMISSED**. The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of November, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

8